**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
D'ANGELICO GUITARS OF AMERICA LLC,

|  |  |  |
|---|---|---|
|  | Plaintiff, | ECF Case |
| vs. |  | 19-CV-3483 |

HIDESATO SHIINO, SHIN SUZUKI,
TAKAAKI MAEDA, STP VESTAX LLP,
D'ANGELICO GUITARS TRADITIONAL,
JANE or JOHN DOES 1-5, and
DANGELICOGUITARS-TRAD.COM

                                       Defendants.
--------------------------------------------------------------------X

**ORIGINAL COMPLAINT**

1. Plaintiff D'Angelico Guitars of America, LLC, ("D'Angelico"), by and through its

   undersigned attorneys, by this Complaint against Defendants Hidesato Shiino, Shin

   Suzuki (鈴木眞一郎), Takaaki Maeda (前 田 貴 昭), and STP Vestax LLP (aka

   Stpvestax LLP), John or Jane Does 1-5 and dangelicoguitars-trad.com allege as follows:

**I. Nature of the Action**

2. D'Angelico is and always has been a New York guitar brand that originated in New York

   City in 1932. D'Angelico brings this civil action to obtain injunctive and monetary relief

   from Defendants' cybersquatting, trademark infringement, trademark dilution, unfair

   competition and deceptive practices in violation of the Lanham Act, 15 U.S.C. §§ 1051 et

   seq. and from Defendants' defamatory statements about D'Angelico.

3. In summary, what we have here is a former factory middleman and his cohorts who

   wrongfully attempted to acquire rights in the D'Angelico brand and/or believe they have

   acquired rights to the D'Angelico brand.  They have now decided to try to sell counterfeit

1

guitars into the USA and other countries where D'Angelico has trademark rights after it has spent millions of dollars building brand equity and consumer recognition.  In an effort to trade on and exploit the enormous goodwill and public recognition which Plaintiff has developed in the its marks for, *inter alia*, guitars and the retail sales thereof, the Defendants are using the  confusingly similar and/or identical marks on guitars and for retail sale of guitars worldwide, including within the United States and New York County, New York.  By this action, D'Angelico seeks an injunction barring Defendants from infringing D'Angelico's trademark and other rights under the Lanham Act, barring their false advertising, barring their unfair competitive acts and defamatory statements and monetary damages for Defendants' violations.

4.   **In the alternative**, should *in personam* jurisdiction fail against any one or more of Defendants Hidesato Shiino, Shin Suzuki, Takaaki Maeda, STP Vestax LLP, and John or Jane Does 1-5 who are the owner(s) of the domain name dangelicoguitars-trad.com, D'Angelico brings this action pursuant to 15 U.S.C. § 1125(d)(2)(A), as an *in rem* action against the domain name dangelicoguitars-trad.com. The registry (Verisign) of the domain name dangelicoguitars-trad.com ("Domain Name") is located within this judicial district because Verisign is located within this judicial district.

## II. The Parties

5.   **D'Angelico** is a New Jersey LLC with offices at 141 West 28th Street and is the successor in interest to a guitar business founded in 1932 by John D'Angelico.  Over the years John D'Angelico's guitars have become collector's items and internationally famous for their unique sound.  They have been and/or are exhibited at the Metropolitan Museum in New York and the Smithsonian.  D'Angelico is headquartered in New York City with offices

at 141 West 28th Street and builds guitars both in New York City and abroad.  It sells its guitars internationally.

**D'Angelico's Trademarks**

6.    D'Angelico owns all right title and interest in the intellectual property associated with its guitars, including the marks D'ANGELICO,  and  and the trade dress of its guitars (the "D'Angelico Marks and Trade Dress"). As evidence of these rights, D'Angelico maintains trademark registrations in many countries for its marks, including the United States.  It actively sells D'Angelico guitars throughout the world and has invested millions of dollars building its brand and protecting the D'Angelico Marks.  D'Angelico owns the following U.S. Trademark Registrations:

7.    D'ANGELICO (U.S. Reg. No. 3,780,371) for musical instruments,

8.     (U.S. Reg. No. 5,038,970) for, *inter alia*, guitars; electric guitars; electric bass guitars; acoustic guitars; acoustic basses; guitar strings; musical instruments; musical string instruments; strings, picks, and capos for musical instruments; electronic sound pickup for guitars and basses, sold as a component part of the guitars and basses, and

9.     (U.S. Reg. No. 5,196,360) for, *inter alia*, guitars; electric guitars; electric bass guitars; acoustic guitars; acoustic basses; guitar strings; musical instruments; musical string instruments; strings and picks for musical instruments.

10. D'Angelico guitars embody unique and distinctive trade dress as shown in Exhibit C and composed of one or more of the D'Angelico headstock, D'Angelico headstock emblems, D'Angelico tailpiece, and D'Angelico stairstep pickguards.  Several of these features are registered as trademarks in the United States and other countries.

**The Defendants:**

11. **Hidesato Shiino** is a citizen of Japan, having an address at 3-30-15 Sakuragaoka, Setagya-ku, Tokyo, 156-0054 Japan and an address at 2-01 Fuantasia  Ohgimachiya Iruma-shi, Saitama 358-0022 Japan. Mr. Shiino works in the music business, and is presently the owner and an executive of STP Vestax LLP ("Vestax II").  He has in the past served as an intermediary or middleman who sourced and/or managed manufacturing of D'Angelico branded guitars made at the Terada factory in Japan on behalf of D'Angelico.  He was first a licensee to the most recent prior D'Angelico brand owner, G.H.S. Corp. ("GHS"), until termination by GHS Strings and a supplier of Terrada factory built guitars to D'Angelico.

12. **Shin Suzuki** is a citizen of Japan, having an address at 3-30-15 Sakuragaoka, Setagya-ku, Tokyo, 156-0054 Japan who works in the music business and is a business partner of Hidesato Shiino and/or an executive employee of STP Vestax LLP.

13. **Takaaki Maeda** is a citizen of Japan, having an address at 3-30-15 Sakuragaoka, Setagya-ku, Tokyo, 156-0054 Japan who works in the music business and is a business partner of Hidesato Shiino and/or an executive employee of STP Vestax LLP.

14. **STP Vestax LLP** is a Japanese entity controlled by Hidesato Shiino and having offices at 3-30-15 Sakuragaoka, Setagya-ku, Tokyo, 156-054 Japan, which sells musical equipment (mixers and other audio products) and guitars, including guitars bearing D'Angelico's

Marks and trade dress.  Upon information and belief, it has exhibited mixers and other audio products at the Summer National Assoc. of Music Merchant's Show at least in 2016.  https://www.namm.org/newsletters/namm-news/namm-news-march-2016.  It has sold, offered for sale and imported guitars bearing D'Angelico's Marks and trade dress into New York City, New York County and the United States at least in 2019.

15. **D'Angelico Guitars Traditional** is, upon information and belief, either a Japanese entity or a division of STP Vestax LLP, controlled by Hidesato Shiino and having offices at 3-30-15 Sakuragaoka, Setagya-ku, Tokyo, 156-054 Japan, which sells guitars, including guitars bearing D'Angelico's Marks and trade dress.  It has sold, offered for sale and imported guitars bearing D'Angelico's Marks and trade dress into New York City, New York County and the United States at least in 2019.

16. **Jane and John Does 1-5** are, upon information and belief, companies or individuals acting in concert with Defendants.

17. The domain name **dangelicoguitars-trad.com** pursuant to the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d)(2)(A).

### III. Jurisdiction and Venue

18. This action for cybersquatting, trademark infringement, false advertising, unfair competition, deceptive practices and defamation arises under the Lanham Act, 15 U.S.C. §§ 1501 *et seq*. and New York State Law.  This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a).  This court has personal jurisdiction pursuant to 35 N.Y.C.P.L.R. § 302.

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(d) because Defendants have committed acts of infringement and the other acts complained of in this

District, a substantial part of the property that is the subject of this action is situated in this District, and because one or more of the Defendants are subject to the Court's personal jurisdiction with respect to this action.

20. **Alternatively**, should *in personam* jurisdiction fail against any one or more of Defendants Hidesato Shiino, Shin Suzuki, Takaaki Madae, STP Vestax LLP, and John or Jane Does 1-5, this Court has *in rem* jurisdiction versus the domain name dangelicoguitars-trad.com pursuant to the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d)(2)(A). The domain name registry, Verisign, Inc., for dangelicoguitars-trad.com ("Domain Name") is located within this judicial district. *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 303 (2002) ("we find to be the plain meaning of § 1125(d)(2)(A): that an *in rem* action may be brought only 'in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located.'"). Verisign, Inc. is the domain name registry for the top level .com domain and is located in*, inter alia*, New York City. See Ex. A (Verisign NY Location Data). Venue is proper for the same reasons.

### IV. Facts

21. D'Angelico is the successor in interest to a guitar business founded in 1932 by John D'Angelico. Upon John D'Angelico's death, his business was sold to a New York business operated by his apprentice Jimmy D'Acquisto and a Mr. Geisen, with the company registered in New York State as D'Merle Guitars, Inc. (NY DOS ID: 181991). D'Merle's interest in the D'Angelico brand was then sold in 1982 to D'Angelico/D'Merle, Ltd. a New York registered business owned and operated by Jerry Barberine (NY DOS ID: 766043). G.H.S. Corporation ("GHS") provided the financing used by

D'Angelico/D'Merle, Ltd. to purchase the D'Angelico brand.  On or about June 29, 1984

GHS took ownership of the brand due to failure to pay the loan by D'Angelico/D'Merle,

Ltd. Exhibit A.  GHS then proceeded to license the D'Angelico Marks to at least 3

licensees who manufactured and/or sold guitars, culminating in the sale of the

D'Angelico brand to one of these licensees, the plaintiff and current brand owner

D'Angelico Guitars of America LLC.

22. In February and April of 1989, well after the transfer of D'Angelico assets to GHS

Strings in lieu of foreclosure, Jerry Barberine, now operating a company known as

Palisade Strings, falsely represented to Hidesato Shiino that he had ownership of the

D'Angelico brand and entered into an agreement with him. The agreement was to buy

guitars bearing one or more of the D'Angelico Marks from Vestax Musical Electronics

Corp. ("Vestax I"), a company at least partially owned by Mr. Shiino.  In 1993, Mr.

Barberine's widow, purported to assign ownership of the D'Angelico brand to Vestax I.

By the 1990s Mr. Shiino was very well aware that he had not acquired any rights to the

D'Angelico Marks and that they were instead owned by GHS Strings.  Regardless, in the

mid-1990s Vestax I displayed counterfeit D'Angelico guitars at a trade show in

California and filed U.S. trademark application(s) for some of the D'Angelico Marks.

This behavior resulted in a dispute with GHS Strings, in which GHS Strings ultimately

prevailed, keeping these guitars from entering the US market. (The GHS/Vestax

Opposition Proceedings).

23. In 1999, Vestax I licensed the D'Angelico Marks from GHS and began to supply

D'Angelico branded guitars manufactured in Japan at the Terada factory to D'Angelico

for sale in the United States.  In 2003 GHS terminated the license of the D'Angelico

Marks to Vestax I due to nonpayment of royalties.  This ended any right for Vestax I or any affiliated party to sell any guitars bearing the D'Angelico Marks to stores or retail customers, directly or indirectly.  GHS, however, allowed D'Angelico to buy further guitar production from Vestax I and to pay royalties to GHS.  In 2009 GHS sold the entire D'Angelico brand to D'Angelico.

24. Later on, D'Angelico and Vestax I had a business dispute concerning the guitars supplied by Vestax I, including among other things timeliness of deliveries.  Prior to this dispute, Hidesato Shiino had registered D'ANGELICO as a trademark in Japan and now refuses to turn over control of the trademark.  He then blocked Terada from directly selling its guitar production to D'Angelico, at one point threatening Terada in Japan.

25. In 2014 Vestax I went bankrupt.  Mr. Shiino and/or his company(s) STP Vestax / D'Angelico Guitars Traditional (Vestax II) have been for some years in possession of several dozen Japan built D'Angelico guitars, (upon information and belief old inventory of Vestax I) as well as continuing to hold the D'Angelico trademark registration in Japan. In 2016-2018 Mr. Shiino and Shin Suzuki wrote under the letter head of STP Vestax (Vestax II), trying to use the leverage of the Japanese trademark they obtained in bad faith to sell these guitars and the Japanese trademark to D'Angelico.  However they have repeatedly refused to consummate the deal, instead trying to sell only the guitars in the USA while retaining their bad faith Japanese trademark registration.

26. Defendants have visited the United States on several occasions, including to this district, where they have, upon information and belief, offered to sell infringing and/or counterfeit guitars bearing to D'Angelico Marks.  Defendants have also, upon information and

belief, acted in concert with a Japanese distributor, or directly, to sell ukuleles to a U.S. online retailer (theukulelesite.com).

27. In late 2018 Defendants launched the website www.dangelico-trad.com offering to sell these guitars and new custom production to customers worldwide, with the promise of a free plane ticket to receive the guitars in Japan and bring them back to countries where D'Angelico maintains trademarks.  They then replaced this offer of a free plane ticket to Japan with a scheme to either themselves courier the counterfeit and/or infringing guitars via commercial passenger aircraft or utilize the post office to ship them directly to U.S. purchasers.

28. In late 2018-2019 Defendants offered to sell, sold, imported and contributed to the importing of counterfeit and infringing guitars bearing the D'Angelico Marks into the United States, including into New York City, New York County. (Exhibit B). This counterfeiting makes use of Internet technology targeted at U.S. English speaking customers to trade on the goodwill associated with the D'Angelico's Marks.

29. Defendants have also continued to falsely state that Mr. Shiino and/or they are the true owner of the D'Angelico brand, and to make misrepresentations about the quality and origin of D'Angelico's guitars.  Defendants have also falsely stated that D'Angelico has stolen the brand and violated intellectual property laws (the Paris Convention codified in the Lanham Act and other U.S. laws).  For example, on Defendants' website www.dangleicoguitars-trad.com they falsely state:

> *Unfortunately, the American distributor which Mr.Shiino allowed it to use the name of D'Angelico USA violated Paris convention and submitted brand application. After that, they started to manufacture products which are made in Korea, China and other OEM factories. For avoiding the confusion between copy products and ours, we paused to produce our products and filed a lawsuit*

> *for compensation for damages for several years. However, we start*
> *to sell our products in website for real guitar lovers in abroad so*
> *please don't miss our satisfactory products made in Japan.*

30. Defendants fail to mention that they lost both their lawsuit in Japan and their lawsuit in

Europe over the brand ownership, as well as settling the last U.S. legal action at the

Trademark Trial and Appeal Board by withdrawing their U.S. trademark filings and

withdrawing their products from the U.S. market.  The Fourth Board of Appeal of the

European Trademark Office (Then OHIM) held, after a lengthy proceeding on the merits,

in D'Angelico's favor (the CTM Proprietor) that:

> It must be held that when the CTM proprietor – or persons having a close
> relationship with it – started to do some business with the invalidity
> applicants, Vestax Corporation itself was not the proprietor of any
> D'ANGELICO trade mark in the United States of America, but only a
> licensee of GHS Corporation, the holder of trade mark rights on the
> D'ANGELICO trade mark in the United States of America.

31. The litigation history between these parties cannot be clearer – D'Angelico is the rightful

owner of the D'Angelico marks and the D'Angelico brand.

32. In summation, Defendants are:

(a) offering for sale,  selling and importing counterfeit and/or infringing D'Angelico

guitars into the United States, including but not limited to (i) offering for sale guitar(s)

bearing the D'Angelico Marks to resident(s) of New York County, New York, (ii) selling

guitar(s) bearing the D'Angelico Marks to resident(s) of New York County, New York,

(iii) couriering and importing guitar(s) bearing the D'Angelico Marks into the United

States, including into New York City and (iv) upon information and belief directly selling

and importing counterfeit and/or infringing D'Angelico guitars and ukuleles into the

United States, including but not limited to the provision of ukuleles bearing the

D'Angelico Marks to store(s) located within the United States either directly or via third parties acting in concert, including but not limited to theukulelesite.com, a US based online retailer of musical instruments and via Ebay and other online sites;

(b) contributing to the importing of counterfeit and/or infringing guitars and ukuleles into the United States, including but not limited to (i) selling a counterfeit and/or infringing guitar into this district (ii) causing a counterfeit and/or infringing guitar to be imported into this district via Japan Post, (iii) couriering (i.e. importing) guitars into New York via commercial passenger air travel, (iv) the provision in 2016 of guitar(s) bearing the D'Angelico Marks to Morris O'Connor, a reputed musician, for import into the USA for purposes of publicizing the same to and attracting American consumers to purchase counterfeit and/or infringing guitars; (v) upon information and belief, the provision of ukuleles bearing the D'Angelico Marks to store(s) located within the United States either directly or via third parties acting in concert, including but not limited to theukulelesite.com, a US based online retailer of musical instruments;

(c) registering and operating a US focused .com website offering counterfeit and/or infringing D'Angelico guitars and ukuleles which wrongfully uses the D'Angelico Mark in its URL and throughout the website; and

(d) intentionally publishing statements they know to be untrue about D'Angelico by asserting on their English language website (i) that D'Angelico violated an international intellectual property treaty (the Paris Convention); and (ii) that D'Angelico's guitars are "OEM" products.  These statements are defamatory in nature because they tend to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating with him.  These statements are (i) false and

11

defamatory, (ii) not privileged in any manner, (iii) Defendants knew they were false when published or acted negligently in publishing them, and (iv) have caused damage to the reputation and sales of D'Angelico's guitars and ukuleles.

### First Cause of Action

### *Trademark Infringement - 15 U.S.C. § 1114*

33. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

34. Defendants' use of identical and/or confusingly similar imitations of the D'Angelico Marks and Trade Dress is likely to cause confusion, deception, and mistake by creating the false and misleading impression that products and services offered by and through Defendants are owned and/or operated by D'Angelico or its licensees, or have the sponsorship, endorsement, or approval of D'Angelico or its licensees.

35. Defendants have used marks identical and/or confusingly similar to the federally registered D'Angelico Marks in violation of 15 U.S.C. § 1114, and Defendants activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, deception and mistake by/of members of the trade and public in the United States and, additionally, injury to D'Angelico's goodwill and reputation as symbolized by the D'Angelico Marks, for which D'Angelico has no adequate remedy at law.

36. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on goodwill associated with D'Angelico's marks, and are exceptional under 15 U.S.C. § 1117(a).

37. Defendants have caused and are likely to continue causing substantial injury to D'Angelico, and D'Angelico is entitled to injunctive relief and to recover Defendants'

profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116 and 1117.

## Second Cause of Action

### *Unfair Competition and False Designation of Origin - 15 U.S.C. § 1125*

38. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

39. Defendants' use of identical and/or confusingly similar imitations of the D'Angelico Marks and Trade Dress has caused and is likely to continue to cause confusion, deception and mistake by creating the false and misleading impression that Defendants' and their products are affiliated with, connected to, or associated with, or originate, are sponsored by, or approved by D'Angelico or the D'Angelico brand, and/or D'Angelico's predecessors in interest.

40. Defendants' false representations, false description, and false designations of origin of their products and services violates 15 U.S.C. § 1125(a), and Defendants' activities have cause and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake and deception of members of the trade and public and, additionally, injury to D'Angelico's goodwill and reputation as symbolized by the D'Angelico Marks and Trade Dress, for which D'Angelico has no adequate remedy at law.

41. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the D'Angelico Marks and Trade Dress and are exceptional under U.S.C. § 1117.

42. Defendants' conduct has caused, and is likely to continue to cause, substantial injury to the public and to D'Angelico, and D'Angelico is entitled to injunctive relief and to

recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125(a), 1116, and 1117.

## Third Cause of Action

### *Common Law Trademark and Trade Dress Infringement*

43. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

44. The D'Angelico Marks and Trade Dress are distinctive.

45. By reason of the extensive advertising and promotional efforts of D'Angelico and the sales of authorized retailers, the D'Angelico Marks and Trade Dress have come to symbolize highly valuable goodwill and selling power in the field of musical instruments.

46. Defendants' use in commerce of the D'Angelico Marks and Trade Dress and deceptively similar marks and trade dress is likely to cause confusion, to cause mistake or to deceive.

47. Defendants' conduct has already caused actual consumer confusion as to the source of goods offered by D'Angelico in the United States.

48. Defendants' are using the D'Angelico Marks and Trade Dress and deceptively similar marks and trade dress in bad faith and with the specific intent to appropriate the goodwill associated with the D'Angelico Marks and Trade Dress.

49. By reason of the foregoing, D'Angelico has been damaged in an amount to be determined at trial, including interest, costs, and attorneys' fees.

50. Defendants' conduct also threatens D'Angelico with irreparable harm for which it has no adequate remedy at law.

**Fourth Cause of Action**

***Contributory Trademark Infringement, Unfair Competition and False Designation of Origin***

51. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

52. Each Defendant contributed to the infringement of D'Angelico's Marks and Trade Dress in the United States (and elsewhere), false representations, false descriptions and false designations of origin of musical instruments specifically the infringing and/or counterfeit guitars imported, offered for sell, and sold in the United States.

53. Defendants each had knowledge of the other's contributions to the infringement of D'Angelico's Marks and Trade Dress in the United States (and elsewhere), false representations, false descriptions and false designations of origin of musical instruments, including the direct importation by acting as courier(s) on commercial flights to the United States and contribution to infringement by importation by their customers via postal delivery services.

54. Each Defendant knowingly joined in, acted in concert with, and conspired with other Defendants to participate in and benefit from the infringing and/or counterfeit musical instruments directed or sent into U.S. commerce.

55. Each Defendant knowingly joined in, acted in concert with, and conspired with third parties to participate in and benefit from the infringing and/or counterfeit musical instruments directed or sent into U.S. commerce.

56. Each of the misrepresentations and wrongful actions of Defendants were overt acts undertaken in furtherance of a scheme to profit from D'Angelico's intellectual property and the goodwill of D'Angelico's musical instrument brand without authorization.

57. By their scheme, each Defendant acted for his own pecuniary gain or for his own personal purposes.

58. Defendants, and each of them, are contributorily liable for any injury to D'Angelico resulting from their scheme.

59. As a direct and proximate result of Defendants' contributions to the infringement of D'Angelico's Marks and Trade Dress, false representations, false descriptions, and false designations of origin of musical instruments, D'Angelico has suffered irreparable harm and damages in an amount to be determined at trial, including interest, costs and attorneys' fees.

### Fifth Cause of Action

### *Unfair Competition and False Designation of Origin - N.Y. GBS Law § 360*

60. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

61. Defendants' acts, which constitute trademark infringement and unfair competition under New York Law, have caused and are likely to continue to cause injury to the D'Angelico's business reputation and its brand in violation of N.Y. GBS Law §§ 360 and 360(a-r).

62. Defendants acted with knowledge that they did possess rights in D'Angelico's marks and goodwill and in bad faith.

63. D'Angelico is entitled to injunctive relief, actual damages, and all profits derived by Defendants from the infringing and/or counterfeit musical instruments under N.Y. GBS Law §§ 360 and 360(a-r).

64. D'Angelico is further entitled to an award of three times all profits derived by Defendants from the infringing and/or counterfeit musical instruments, and their costs and reasonable attorneys' fees under N.Y. GBS Law §§ 360 and 360(a-r).

### Sixth Cause of Action

### *Unjust Enrichment*

65. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

66. Defendants deliberately misappropriated and used D'Angelico's Marks and Trade Dress and its goodwill.

67. Defendants have been unjustly enriched as a result of their conduct.

68. Defendants received a benefit under circumstances that are grossly inequitable.

69. Equity and good conscience require Defendants compensate D'Angelico for the value of the benefit unjustly realized and retained by Defendants, including damages, lost sales, costs and fees in an amount to be determined at trial.

70. Equity and good conscience require Defendants to fully account for their misconduct and unauthorized use, and immediately quit their use, and cause their affiliates to quit use, of the D'Angelico Marks and Trade Dress.

**Seventh Cause of Action**

*Cybersquatting - 15 U.S.C. § 1125(d)*

71. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

72. D'Angelico is the owner of the D'Angelico Marks, including the federally registered

marks D'ANGELICO,  and for musical instruments, including guitars.

73. Defendants have a bad faith intent to profit from the D'Angelico Marks by registering, trafficking in, or using the domain name www.dangelicoguitars-trad.com to promote and sell guitars.

74. The D'ANGELICO, and marks were distinctive at the time of registration of the domain name www.dangelicoguitars-trad.com.

75. The domain name www.dangelicoguitars-trad.com is identical or confusingly similar to

the D'ANGELICO, and marks.

76. Defendants intent in registering, trafficking in, or using the domain name www.dangelicoguitars-trad.com is to divert consumers from D'Angelico's online locations to www.dangelicoguitars-trad.com that harms the goodwill represented by the mark, for both commercial gain or with the intent to tarnish or disparage the



D'ANGELICO,                      and                      marks, by creating a likelihood of

confusion as to the source, sponsorship, affiliation, or endorsement of the site

77. By reason of the foregoing, D'Angelico has been damaged in an amount to be determined

at trial, including interest, costs, and attorneys' fees under 15 U.S.C. §1117.

78. Defendants' conduct also threatens D'Angelico with irreparable harm for which it has no

adequate remedy at law.

### Eighth Cause of Action

*Defamation*

79. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in

full herein.

80. Defendants have published, on their website www.dangelicoguitars-trad.com, statements

that damage the reputation and standing of D'Angelico in the trade and to its customers,

namely that D'Angelico violated intellectual property laws such as the Paris Convention,

that D'Angelico needed to receive permission from Mr. Shiino to use the brand, that Mr.

Shiino owned the brand and that he has a lawsuit pending to collect damages from

D'Angelico.

81. The aforementioned statements are false, and Defendants knew them to be false at the

time of their publication.

82. The aforementioned statements are not privileged in any manner.

83. Defendants' conduct in making the aforementioned statements is intentional and

malicious, stemming from their desire to falsely portray themselves as owners of the

D'Angelico brand.

84. D'Angelico has been damaged by the aforementioned statements in an amount to be determined at trial.

85. Defendants' conduct also threatens D'Angelico with irreparable harm for which it has no adequate remedy at law.

**Ninth Cause of Action**

*In Rem - Cybersquatting - 15 U.S.C. § 1125(d)(2)*

86. In the event that the Court finds that is not able to obtain in personam jurisdiction over a Defendant who would have been a defendant under the Seventh Cause of Action (§ 1125(d)(1)), D'Angelico pleads as follows:

87. Plaintiff hereby incorporates each and every allegation of the Complaint as if alleged in full herein.

88. D'Angelico is the owner of the D'Angelico Marks, including the federally registered

marks D'ANGELICO,  and                    for musical instruments, including guitars.

89. The domain name www.dangelicoguitars-trad.com violates one or more rights of D'Angelico, the owner of the D'Angelico Marks registered in the Patent and Trademark Office, or protected under §§ 1125(a) or 1125(c) of the Lanham Act as stated in the Seventh Cause of Action above, incorporated herein.

90. The domain name www.dangelicoguitars-trad.com is identical or confusingly similar to

the D'ANGELICO,                    and                    marks.

91. The domain name www.dangelicoguitars-trad.com has its situs in this District because the domain registry for .com domains, Verisign, is located in this judicial district.

92. www.dangelicoguitars-trad.com threatens D'Angelico with irreparable harm for which it has no adequate remedy at law, and thus requires the cancellation or transfer to D'Angelico of the domain name www.dangelicoguitars-trad.com.

**Prayer for Relief**

A. Damages to be proven at trial.

B. A preliminary and permanent injunction enjoining Defendants from using D'Angelico's trademarks and trade dress, any word or design confusingly similar to any D'Angelico trademark or trade dress, and otherwise trading on the goodwill of D'Angelico's brand in the United States, Japan and elsewhere.

C. A preliminary and permanent injunction enjoining Defendants from representing that they, or any person or entity in which they have an interest, have any rights to any of D'Angelico's trademarks and trade dress and further that the purported "Barberine Assignment" attached hereto as part of Exhibit A is of no effect because it was entered into after the assets stated therein had been surrendered to D'Angelico's predecessor in interest - GHS String.

D. A preliminary and permanent injunction enjoining Defendants from passing off, palming off, or assisting in passing off or palming off, goods and services as those of D'Angelico or D'Angelico's authorized business partners and retailers, or otherwise continuing any and all acts of unfair competition as alleged herein.

E. An order directing Defendants to surrender all goods bearing any D'Angelico trademark or trade dress to D'Angelico.

F. An order directing Defendants to file with the Court and provide D'Angelico an accounting of all sales and profits (including the physical and electronic address and identity of all recipients of musical instruments) realized by Defendants and any related entities through use of D'Angelico's trademarks, trade dress and goodwill, and any confusingly similar marks, trade dress or counterfeits, copies, reproductions or colorable imitations thereof.

G. An order permitting auditors appointed by D'Angelico to audit and inspect the books, records, and premises of Defendants and related entities after entry of final relief in this matter, to determine the scope of the Defendants' past use of D'Angelico's intellectual property, including all sales and promotions bearing D'Angelico's trademarks, trade dress and goodwill, and any confusingly similar marks, trade dress or counterfeits, copies, reproductions or colorable imitations thereof.

H. An order directing Defendants to disgorge all profits derived from the unauthorized use of D'Angelico's intellectual property, including but not limited to, disgorgement of all profits from infringing and/or counterfeit musical instruments under 15 U.S.C. §§ 1114 and 1117(a) and N.Y. GBS Law §360 *et seq.*

I. An order for treble damages under 15 U.S.C. § 1117(b) and N.Y. GBS Law § 360 *et seq.*

J. An order for statutory damages under 15 U.S.C. § 1117(c).

K. An order for statutory damages under 15 U.S.C. § 1117(d).

L. An order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any good or service sold or otherwise promoted by Defendants is authorized by D'Angelico or its affiliated partners and retailers, or related in any way to D'Angelico.

M. An Award of attorneys' fees and costs as provided under 15 U.S.C. §§ 1114 and 1117(a) and

N.Y. GBS Law § 360 *et seq.*

N. An award of punitive damages.

O. An award of prejudgment and post-judgment interest accruing at the applicable statutory rate.

P. An order directing that the domain name www.dangelicoguitars-trad.com and any other

domain names containing D'Angelico and owned or controlled by any Defendant transferred to

D'Angelico's ownership and control.

Q. An order prohibiting Defendants, or anyone else in privity with Defendants, from using any

D'Angelico trademark or trade dress element, or any word or design confusingly similar to any

D'Angelico trademark or trade dress element, whether in whole or in part in any domain name.

R. Such other, different, and additional relief as the Court deems just and proper.


Dated: April 18, 2019                                    Respectfully submitted,

                                                         /Henry J. Cittone/

                                                         Henry J. Cittone (HC-0208)

                                                         **Cittone Demers & Arneri LLP**
                                                         11 Broadway, Suite 615
                                                         New York, NY 10004
                                                         hcittone@cdalawllp.com
                                                         Tel. 212-710-5619