UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'ANGELICO GUITARS OF AMERICA, LLC., <br><br> **Plaintiff,** <br><br> v. <br><br> HIDESATO SHIINO, SHIN SUZUKI, TAKAAKI MAEDA, STP VESTAX LLP, D'ANGELICO GUITARS TRADITIONAL, JANE or JOHN DOES 1-5, and DANGELICOGUITARS-TRAD.COM <br><br> **Defendants.** | CIVIL ACTION NO.: 19-CV-3483 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO MOVING DEFENDANT'S MOTION TO DISMISS**

Plaintiff D'Angelico Guitars of America, LLC., ("D'Angelico"), by and through their undersigned attorneys, submits this memorandum of law in opposition to the Motion to Dismiss (the "Motion," ECF No. 27, entitled " Preparatory Documents") filed by moving Defendants Hidestao Shiino ("Shiino") and STP VESTAX, LLP., ("VESTAX, LLP") (collectively, "Defendants"). The Motion is filed pro se and seeks to dismiss Plaintiff's complaint (the "Complaint," ECF No. 1), purportedly for lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants' Motion is filed in violation of Rule II (B) of the Individual Practices of Your Honor which requires the moving party to request a pre-motion conference prior to making any motion; however, if the Court does consider this a properly filed motion, it should be rejected as Defendants' arguments are meritless on the following grounds.

*First,* Plaintiff requests that the court to strike the Motion as to VESTAX, LLP since the Motion is filed pro se and signed by a lay person and not by counsel.  See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 113 S. Ct. 716, 717, 121 L. Ed. 2d 656 (1993) ("Only a natural person may qualify for treatment in forma pauperis under § 1915"). *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[i]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro

1

se."). *Brandstein v. White Lamps, Inc.*, 20 F.Supp. 369, 370 (S.D.N.Y.1937) ("While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents."). VESTAX, LLP is an artificial entity and the response filed with SDNY through Japanese Express Mail, is signed by another named Defendant in this action, Hidesato Shiino, a lay person. VESTAX, LLP has not notified any party in this action of retaining counsel; therefore, the Plaintiff seeks to strike the pro se Motion filed on December 26, 2019.  Plaintiff notes that this is the second pro se filing by VESTAX, LLP and was made after they were put on notice by the Court that they needed to retain counsel.

*Second*, Plaintiff seeks the denial of Defendant's Motion since arguments made by Mr. Shiino are waived or meritless for the following reasons:

1. Waiver of Lack of Personal Jurisdiction

The Defendant claims that pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) the Court lacks personal jurisdiction over the Defendant because they are residents of Japan. The Defendant did not raise the issue of lack of personal jurisdiction in its initial answer or amended answers, to the Complaint (the "Answer," ECF No. 16; the "Amended Answer," ECF No. 18; and the "Second Amended Answer," ECP No. 19) (herein, Exhibit A [1]).

The Federal Rules of Civil Procedure Rule 12(b) provides that the defense of lack of personal jurisdiction, "must be made before pleading if a responsive pleading [*e.g. an Answer*] is allowed made." FRCP Rule 12(h)(1)(B)(ii), provides that the Defendant waives any defense of lack of personal jurisdiction by failing to "include it in a responsive pleading." The Defendant waived the issue of lack of personal jurisdiction by failing to raise this defense in its Answer or if accepted by the Court in its subsequent Amended Answer and Second Amended Answer.

2. Defendant's Motion fails on the Merits

Defendant alleges that the Complaint is untimely because the duration of time between when the counterfeit merchandise was sent to the United States and when the Complaint was filed results in Plaintiff's waiver of its Trademark rights.  Defendants' provide no factual or legal support for this assertion in the Motion.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained that to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), "a claim must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on

---

[1] Plaintiff notes no leave to amend was requested by the Defendants.

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court announced that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, at 678 (citing Twombly, at 556).

Moreover, in assessing the sufficiency of a pleading, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

The Complaint provides as Exhibit B, the Certificate of Authenticity, signed by Hidesato Shiino in **March 2019**, verifying his knowledge of the sale and shipment of the counterfeit guitar to the US buyer, Jason Gallus, and listing Hidesato Shiino as the Chairman of D'Angelico Guitars Traditional. The Certificate of Authenticity was signed days prior to the guitar being shipped to the US and the Plaintiff's Complaint was filed within the next month of the Certificate of Authenticity's signature date on April 18, 2019. No laches or other basis for a late complaint can attach to this timeline.

**Owner Name:** Jason Gallus

**Brand Name:** D'Angelico Guitars Traditional

**Model:** NYL-2 100th Anniversary Natural Yellow

**Serial Number:** 09022705

**Shipping Year:** March, 2019

**Signature:** *Hidesato Shiino*

**Chairman:** Hidesato Shiino

3

For the reasons set forth herein, VESTAX, LLP's Motion should be struck for lack of counsel and the motion should also be denied in its entirety due to waiver and Plaintiff's Complaint meets the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.

Dated: January 8, 2020                                Respectfully submitted,

/Henry J. Cittone/_____

Henry J. Cittone (HC-0208)

**Cittone Demers & Arneri LLP**
11 Broadway, Suite 615
New York, NY 10004
hcittone@cdalawllp.com
Tel. 212-710-5619